THE STATE, BRINLEY et al., prosecutors, *vs.* THE INHABI-
TANTS OF THE CITY OF PERTH AMBOY.

1. The notice of propositions to make improvements, required to be
given by the thirty-first section of the charter of Perth Amboy, should
state the time when, and place where parties interested can be heard, and
make known their objections.

2. If an ordinance be passed for building a sewer, without such notice, it
will be void, and no assessments can be made under it.

3. If a meeting be held to hear objections to the assessments, and at
such meeting a party interested appear and remonstrate against the whole
proceedings, and complain that the improvement was uncalled for, and
that property-holders were not consulted, it is no waiver of the notice re-
quired by the charter.

*Certiorari* to set aside an ordinance.

Argued before Justices HAINES and VAN DYKE.

HAINES, J. The writ of *certiorari* in this case brings up
for consideration the validity of an ordinance of the city
council of Perth Amboy, passed for the construction of a sewer
in that city. Exceptions are taken to the ordinance, and also
to the proceedings under it.

To the exceptions to the ordinance, preliminary objections
are presented on the part of the city council; and first, that
the passage of the ordinance is a matter within the jurisdic-
tion of the council, and therefore cannot be reviewed or set
aside as void.

It has been held by this court, in *Camden* v. *Mulford*, 2
*Dutcher* 49, that where a corporation has power to pass an
ordinance, but exercises that power in an unauthorized man-
ner, the validity of the ordinance cannot be questioned col-
laterally, but that it is valid and binding until it is set aside
by legal proceedings brought for that purpose.

Whatever may have been the rule of other states as to
the remedy by *certiorari* for the irregularities of inferior
tribunals, it has been long and well settled in this state,

that the Supreme Court may exercise the powers of the King's Bench to correct all abuses of that character, whether the proceeding be in its nature legislative, ministerial, or judicial.

The question was fully considered as early as the year 1817, in the case of *Ludlow* v. *The Executors of Ludlow*, 1 *South. R.* 389, where it was held, by Kirkpatrick, C. J., " that the jurisdiction of the court is very high and transcendent; that among other things, it has the superintendence of all inferior courts, both civil and criminal; of all corporations, in the exercise of their corporate powers; and of all public officers, in the execution of their special authorities and public trusts."

The rule thus declared has been followed in many subsequent cases, a full collection and very complete classification of which is to be found in the opinion of the late Chief Justice, in Camden *v.* Mulford.

The Court of Errors, in *Carron* v. *Martin*, 2 *Dutcher* 595, went still further, and held that proceedings of municipal corporations should be kept strictly within the limits assigned to them by the statutes under which they act; and if they are not kept within those limits, their proceedings are not only liable to reversal on *certiorari*, but are to be held void and insufficient to support a title professing to be founded on them.

It is further objected to the review of the ordinance, that the 31st section of the charter provides for an appeal to the Supreme Court by any person conceiving himself aggrieved by the proceedings of the council.

The 31st section directs that all assessments and liens upon property by virtue of that section shall be collected in the manner provided for the collection of assessments in the 27th section, which provides for an appeal to the Supreme Court and a trial by jury to re-assess the damages sustained by the party aggrieved. If it was intended to apply to assessments made under the 31st section, the mode of redress of grievances provided by the 27th sec-

tion, that cannot prevent a review of the passage of the ordinance on *certiorari.* The appeal is intended to question, not the mode, but the amount of the assessment; not the formality of the passage of the ordinance, but the quantum of damages assessed under it.

It is clear, then, that the validity of the ordinance in question may be considered in this court upon a writ of *certiorari.*

The power of the city council to make improvements is special and limited, and its exercise must be substantially in compliance with the terms on which it is granted. While it may not be wise or just to hold corporations to a compliance with the terms of their charter, so strictly and literally as virtually to defeat the objects in view, it is just and proper that there should be a substantial conformity with every requirement. The power by which a citizen is to be deprived of his property, or against his consent to be charged for its supposed improvement, should be exercised in accordance with the terms of the instrument by which the power is granted. Those terms are the conditions on which the power is given, and any material departure from them is fatal to the proceeding.

The first exception to the validity of the ordinance is, that no legal notice was given of the proposition for the improvement contemplated by the sewer. The 31st section of the charter requires that " all propositions for improvements shall be advertised by the council in one of the city papers, or set up in five public places of the city for twenty days before the same are adopted; and that the parties interested shall, if they desire, have an opportunity of being heard thereon before the council or their appropriate committee." The only notice of the proposition for this improvement was published in a city paper for three weeks, and was as follows : " At an adjourned meeting of the city council, held on the 18th inst., the following resolution was adopted, and ordered to be printed in the city papers for three weeks :

*Resolved,* That the clerk give notice that the city council propose to order the construction of a sewer in Smith street, from State street to the sound, and that all persons interested are notified that they will be heard, if they have objections to offer, before the committee on sewers within twenty days from the date.

Perth Amboy, May 21, 1859.

This notice is deficient in several particulars. It specifies no time nor place when and where the persons interested could be heard. The charter does not in terms express that the council shall appoint a time and place of hearing, but the very nature and object of a notice require it.

The parties interested are not to make their objections known by written communications, but they are *to be heard;* and if so, the place of the hearing and the time of the meeting of the committee for that purpose should be made known. The names of the committee on sewers are not given; and in the absence of notice of the time and place of their meeting, it is not to be presumed that the party interested will be informed of the persons who compose it. If by diligent inquiry, he should make the discovery, of what avail would the knowledge be to him? He is to be heard by the committee, sitting together, not by each member alone, and wherever he may be found. It is not his duty to ask the committee to meet, nor in his power to require a meeting. Had a time and place of meeting been specified in the notice, then the party objecting might have found the committee, and obtained a hearing; or had the names of the committee been given, then possibly he might have procured a meeting, and have been heard. As the notice is without these particulars, it is neither reasonable nor just to hold that due notice was given. For the want of such notice, the ordinance was passed without authority. The power to pass it was based upon the notice as a condition precedent, and to act without it is an undue exercise of power. The

charter of the city of Hudson contains the same provision for notice of propositions, and under that charter it was held by the court, in the case of The State, W. B. Ogden et al., prosecutors, *v.* Hudson City, that the notice of the time and place of meeting must be given, and that the several notices for the several parts of the avenue were sufficient notice of the proposition to lay out and open the entire avenue as one improvement. The Court of Errors, at its last term, reversed that judgment, and held that distinct notice should have been given of the opening of the entire avenue, and that the notice was a ground of jurisdiction, and the failure to give it when the council were about to consolidate the parts, was fatal to the ordinance. That case appears to be directly in point, and to rule this.

It is urged that this objection to the ordinance was waived by the act of the prosecutors in presenting objections after the assessment was made, as was held in the case of *The State, Townsend, prosecutor,* v. *Jersey City,* 2 *Dutcher* 447.

It appears, by the minutes of the council that, at a meeting for hearing objections to the assessments, a remonstrance was presented; but the contents of the remonstrance are not given. The grounds of it are testified to generally by the clerk of the council. He says that objections were made to the proceedings; that they were unjust and unfair; that the sewer was uncalled for, and that each property-holder should have been consulted.

These objections seem to refer to the whole proceedings, and to include those that relate to the ordinance and to the want of notice. This cannot be regarded as an admission of any notice or of a waiver of a right to notice, but it expressly complains of a want of it, and that the property-owners were not consulted. In the case referred to, the remonstrance presented specific objections, but did not include any against the ordinance, and that

was held to be a waiver of objections against it. But this case is not like that, and no waiver can here be implied.

The other exceptions related to the assessment; but, in view of the conclusion arrived at on the question of the validity of the ordinance, it is not necessary for the determination of this case to consider them. All, or most of the objections, have been considered and determined in other cases, and the consideration of them here is not necessary to settle any principle of law or rule of practice.

The ordinance having been passed without the notice required by the charter, and also without authority, must be declared void and of no effect.

VAN DYKE, J., concurred.

CITED in *State* v. *Jersey City*, 5 *Vr.* 398 ; *State* v. *Jersey City*, 6 *Vr.* 384.